1
2
3
4
5
6  **IN THE UNITED STATES DISTRICT COURT**
7  **FOR THE DISTRICT OF ARIZONA**
8

| | |
|---|---|
| Michael Dewayne Outley, Jr., | No. CV-21-00084-PHX-JAT (JFM) |
| Plaintiff, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Defendants. | |

Pending before the Court is the Report and Recommendation ("R&R") of Magistrate Judge James F. Metcalf (Doc. 29) regarding Plaintiff's Motion to Amend his Complaint (Doc. 25). The R&R recommends that: (a) Plaintiff's Motion to Amend be granted; (b) Plaintiff's First Amended Complaint ("FAC") (lodged as Attachment 3 to the Motion to Amend, Doc. 25-2 at 2-17) be filed; (c) Defendant Doe be dismissed from the FAC without prejudice; (d) Counts Two and Three of the FAC be dismissed without prejudice; and (e) Defendants Shinn and Stolc be required to respond to the First Amendment Claim in Count One of the FAC, in their individual and official capacities.[1] Magistrate Judge Metcalf advised the parties that they had fourteen days to file objections to the R&R. (Doc. 29 at 17). Neither party has filed objections.

---

[1] Missing from Magistrate Judge Metcalf's final recommendations at the end of the R&R is his recommendation that the Fourteenth Amendment claims contained in Count One of the FAC be dismissed for failure to state a claim, as reasoned on page 12 of the R&R. (Doc. 29 at 12). Because dismissal of the Fourteenth Amendment claims from Count One appears to be implicitly included in his recommendation that Defendants Shinn and Stolc be ordered to respond to the First Amendment claim (but not the Fourteenth Amendment claims) contained in Count One of the FAC, the Court considers the R&R to recommend the dismissal of the Fourteenth Amendment claims from Count One. (*See* Doc. 29 at 18).

1    A district court's standard of review of a magistrate judge's report and

2    recommendation turns on whether the parties have timely objected. Fed. R. Civ. P. 72(b).

3    It is "clear that the district judge must review the magistrate judge's findings and

4    recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-*

5    *Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v.*

6    *Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court

7    concludes that *de novo* review of factual and legal issues is required if objections are made,

8    'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589

9    F.3d 1027, 1032 (9th Cir. 2009) (The district court "must review *de novo* the portions of

10   the [Magistrate Judge's] recommendations to which the parties object."). District courts

11   are not required to conduct "*any review at all* . . . of any issue that is not the subject of an

12   objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C.

13   § 636(b)(1) ("[T]he court shall make a *de novo* determination of those portions of the

14   [report and recommendation] to which objection is made.").[2] "Failure to make timely

15   objection to the magistrate [judge]'s report prior to its adoption by the district judge may

16   constitute a waiver of appellate review of the district judge's order." Fed. R. Civ. P. 72(b),

17   NOTES OF ADVISORY COMMITTEE ON RULES—1983, *citing United States v. Walters*, 638

18   F.2d 947 (6th Cir. 1981).

19   Accordingly, in the absence of objections, the Court agrees with the recommended

20   decision within the meaning of Federal Rule of Civil Procedure 72(b). *See* 28 U.S.C. §

21   636(b)(1) ("A [district court judge] may accept, reject, or modify, in whole or in part, the

22   findings or recommendations made by the magistrate judge.").

23

24

25   [2] The Court notes that the Notes of the Advisory Committee on Rules appear to suggest a
     clear error standard of review under Federal Rule of Civil Procedure 72(b), citing

26   *Campbell*. Fed. R. Civ. P. 72(b), NOTES OF ADVISORY COMMITTEE ON RULES—1983 *citing
     Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419

27   U.S. 879 (The court "need only satisfy itself that there is no clear error on the face of the
     record in order to accept the recommendation."). The court in *Campbell*, however, appears
     to delineate a standard of review specific to magistrate judge findings in the motion to

28   suppress context. *See Campbell*, 501 F.2d at 206–207. As such, this Court follows the 9th
     Circuit's more recent decision in *Reyna-Tapia* on this issue.

**IT IS THEREFORE ORDERED** that the R&R of Magistrate Judge Metcalf (Doc. 29) is accepted.

**IT IS FURTHER ORDERED** that:

(a)     Plaintiff's Motion to Amend (Doc. 25) is **GRANTED**;

(b)     Plaintiff's First Amended Complaint (lodged as Attachment 3 to the Motion to Amend, Doc. 25-2 at 2-17) be **FILED**;[3]

(c)     Defendant Doe is **DISMISSED** from the First Amended Complaint **WITHOUT PREJUDICE**;

(d)     Counts Two and Three of the First Amended Complaint are **DISMISSED WITHOUT PREJUDICE**;

(e)     Defendants Shinn and Stolc are **ORDERED** to **RESPOND** to the First Amendment claim in Count One of the First Amended Complaint, in their individual and official capacities, except the Fourteenth Amendment claims in Count One of the First Amended Complaint are **DISMISSED WITHOUT PREJUDICE**.

Dated this 6th day of October, 2021.

James A. Teilborg
Senior United States District Judge

---

[3] The Court notes that the proposed FAC lodged as Doc. 25-2 is not in compliance with Rule 15.1(a), but finds that it is adequate to be filed even though it has the underlined additions and is not a clean copy.